FILED'09 FEB 19 14:22 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | No. CR. 09- 6 F - HA |
|---|---|---|
| | ) | |
| | ) | **INDICTMENT** |
| v. | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 1028A |
| KAMAU HERNDON, | ) | 18 U.S.C. § 1341 |
| | ) | 18 U.S.C. § 1343 |
| Defendant. | ) | 18 U.S.C. § 1957 |
| | ) | |

## THE GRAND JURY CHARGES:

### INTRODUCTION

At material times:

1. Defendant **KAMAU HERNDON (HERNDON)**, was a real estate loan officer, working in the District of Oregon and elsewhere.

2. Between November 2006 and March 2007, in the District of Oregon and elsewhere, **Herndon**, acting as a mortgage loan officer, submitted three materially false loan applications to purchase homes totaling more than 1.5 million dollars, purportedly for his then girlfriend Bulou Mara (Mara), one of which was purchased without her knowledge.

3. Among the material falsehoods that **HERNDON** included or caused to be included in the residential loan application and related documents were: (1) false verification of rental history; (2) false statements regarding the residency intentions of the buyer; and (3) failure

to disclose that the stated sales price was inflated and in excess of the true sales price, so that a kickback could be remitted to **HERNDON**.

4.   To effectuate the material scheme and artifice to defraud lending institutions and to obtain money and property from these lending institutions by means of materially false and fraudulent pretenses, representations and promises, **HERNDON** worked as a loan officer for and on behalf of Crown Point Enterprises, d.b.a. Lighthouse Financial Group ("Lighthouse"), a mortgage brokerage company headquartered in Vancouver, Washington, with operations in Oregon and Idaho.

5.   Bulou Mara was **HERNDON**'s girlfriend and lived in Portland, Oregon.

### Counts 1 - 3
### 7712 SE 120th Place, Portland, Oregon
(Wire Fraud, Money Laundering)

6.   Paragraphs 1 - 5 are re-alleged.

7.   **The scheme to defraud**: Beginning on or about November 8, 2006 and continuing through at least November 30, 2006, **HERNDON**, acting through another loan officer at Lighthouse, and on behalf of his girlfriend, Bulou Mara, submitted or caused to be submitted to Hyperion Capital, a lending institution, a loan application and related documents for the purchase of a residential property located at 7712 SE 120th Place, Portland, Oregon, ("120th Place property") for $635,000, which was materially false in the following respects:

(1)   A false verification of rent form was submitted to Hyperion Capital which claimed that Mara lived at 5747 N. Williams, Portland, Oregon, and paid $1550 a month in rent for more that two years, when in fact she had lived elsewhere; and

(2)   The application failed to disclose that the sales price was inflated in the

PAGE 2 - INDICTMENT (U.S. v. Kamau Herndon)

material respect that the seller was to give Mara $86,750 in cash back after closing for the use by and benefit of **HERNDON**.

### Counts 1 - 2
### Wire Fraud
### (18 U.S.C. §§ 2, 1343)

8.  Paragraphs 1 - 7 are re-alleged.

9.  Beginning on or about November 8, 2006, and continuing through at least November 30, 2006, **HERNDON** and others known and unknown to the Grand Jury, in the District of Oregon, having devised and intending to devise a material scheme and artifice to defraud Hyperion Capital and others and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises relating to the purchase of the 120th Place property, knowingly transmitted and cause to be transmitted by means of wire, radio and television communications, in interstate commerce, the writings, signs, signals, pictures, and sounds, described below for each count, for the purpose of executing said scheme; all in violation of 18 U. S. C. §§ 2, 1343:

| Count | Date | Interstate Wire |
|---|---|---|
| 1 | 11/30/2006 | $509,496.22 - Wire transfer from Washington Mutual in Stockton, California to Pacific NW Title in Portland, Oregon |
| 2 | 11/30/2006 | $126,949.73 - Wire transfer from Washington Mutual in Stockton, California to Pacific NW Title in Portland, Oregon |

/ / /

/ / /

## Count 3
### Prohibited Monetary Transaction - Money Laundering
### (18 U.S.C. §§ 2, 1957)

10. Paragraphs 1 - 9 are re-alleged.

11. On or about December 11, 2006, in the District of Oregon, **HERNDON** did knowingly engage in and attempt to engage in a monetary transaction with criminally derived property of a value greater than $10,000, which property was derived from specified unlawful activity, that is wire fraud, as alleged in Counts 1 - 2, in that **HERNDON** caused a cashier's check for $86,750 to be deposited into the account of Bulou Mara, **HERNDON**'s girlfriend, at OnPoint Community Credit Union, Portland, Oregon, on behalf of and for the benefit of **HERNDON**, all in violation of 18 U. S. C. §§ 2, 1957.

## Counts 4 - 6
### 17978 SE Nature Way, Milwaukie, Oregon
### (Mail Fraud, Wire Fraud, Money Laundering)

12. Paragraphs 1 - 5 are re-alleged.

13. **Scheme to defraud:** On or about December 14, 2006, **HERNDON**, acting through another loan officer at Lighthouse, and purportedly on behalf of his girlfriend Bulou Mara, submitted or caused to be submitted to Bear Stearns Residential Mortgage Corporation, a lending institution, a loan application and related documents for the purchase of a residential property located at 17978 SE Nature Way ("the Nature Way property"), Milwaukie, Oregon, for a price of $475,000, which was materially false in the following respects:

   (1) The application falsely stated that the buyer Mara intended to live in the Nature Way property as a primary residence when, in fact, she had no intention to live there;

   (2) The application falsely claimed that the buyer lived and paid $1550 per

PAGE 4 - INDICTMENT (U.S. v. Kamau Herndon)

month in rent at a location she never lived at: 5747 N. Williams Avenue in, Portland, Oregon; and

(3) The application failed to disclose that the sales price was inflated in the material respect that the seller or his designee would be transmitting either directly or indirectly to **HERNDON** $66,684 as a kickback from the sales price.

### Count 4
Mail Fraud
(18 U.S.C. §§ 2, 1341)

14. Paragraphs 1 - 5, 12-13 are re-alleged.

15. On or about December 18, 2006, **HERNDON**, in the District of Oregon, for the purpose of executing the aforementioned material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and in attempting to do so, knowingly caused to be transmitted in interstate commerce, by United Parcel Service, a commercial interstate mail carrier, materially false loan documents, from Lawyers Title Company, Portland, Oregon to Bear Stearns Residential Mortgage Corporation, a lender located in Scottsdale, Arizona, all in violation of 18 U. S. C. §§ 2, 1341.

### Counts 5 - 6
Wire Fraud
(18 U.S.C. §§ 2, 1343)

16. Paragraphs 1 - 5 and 13 are realleged.

17. On or about the dates listed below for each count, in the District of Oregon, **HERNDON**, having devised and intending to devise the aforementioned material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly transmit and cause to be transmitted by means of wire, radio and television communications, in interstate commerce, the writings, signs,

PAGE 5 - INDICTMENT (U.S. v. Kamau Herndon)

signals, pictures, and sounds, described below for each count, for the purpose of executing said scheme all in violation of 18 U. S. C. §§ 2, 1343:

| Count | Date | Interstate Wire |
|---|---|---|
| 5 | 12/20/2006 | $382,938.40 - Wire transfer from Custodial Trust Company, Princeton, New Jersey to Lawyers Title Company, Portland, Oregon |
| 6 | 12/20/2006 | $94,701.01 - Wire transfer from Custodial Trust company, Princeton, New Jersey to Lawyers Title Company, Portland, Oregon |

### Count 7
Prohibited Monetary Transaction - Money Laundering
(18 U.S.C. §§ 2, 1957)

18. Paragraphs 1 - 5, 13 - 17 are re-alleged.

19. On or about December 26, 2006, in the District of Oregon, **HERNDON**, did knowingly engage in and attempt to engage in a monetary transaction with criminally derived property of a value greater than $10,000, which property was derived from specified unlawful activity, that is mail and wire fraud, as alleged in Counts 4 - 6, by causing a check in the amount of $66,684, made payable to Diesel Financial Services, which was the assumed business name for **HERNDON**, to be deposited in **HERNDON**'s account at Washington Mutual, all in violation of 18 U. S. C. §§ 2, 1957.

### Counts 8 - 11
8307 Sierra Drive, Edmonds, Washington
(Wire Fraud, Aggravated Identity Theft, Money Laundering)

20. Paragraphs 1 - 5 are re-alleged.

PAGE 6 - INDICTMENT (U.S. v. Kamau Herndon)

21. **Scheme to defraud:** Beginning on or about March 1, 2007 and continuing through at least March 6, 2007, **HERNDON**, in the District of Oregon, caused a materially false loan application to be submitted to Homecoming Financial, LLC, a lending institution, for the purchase of a property located at 8307 Sierra Drive, Edmonds, Washington ("the Sierra Drive property"), for the price of $450,000, which was materially false in the following respects:

(1) The loan application and related documents were submitted in the name of **HERNDON**'s then girlfriend, Bulou Mara, without her knowledge, and by forging her signature on several loan documents and using her birth certificate, driver's license, Social Security card and Social Security number without her knowledge or permission;

(2) The house was not purchased as a secondary residence, as claimed in the application;

(3) The application contained false verification of rent information;

(4) To conceal and disguise **HERNDON**'s involvement, the loan application was submitted in the name of a loan officer who had no involvement in the transaction; and

(5) The loan application failed to disclose that the sales price was inflated in that **HERNDON** would receive a kickback of $71,224.31.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PAGE 7 - INDICTMENT (U.S. v. Kamau Herndon)

## Counts 8-9
### Wire Fraud
(18 U.S.C. §§ 2, 1343)

22. Paragraphs 1-5 and 21 are re-alleged.

23. On or about the dates listed below for each count, in the District of Oregon, **HERNDON**, having devised and intending to devise a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises in order to purchase the Sierra Drive property, did knowingly transmit and cause to be transmitted by means of wire, radio and television communications, in interstate commerce, the writings, signs, signals, pictures, and sounds, described below for each count, for the purpose of executing said scheme; all in violation of 18 U.S.C. §§ 2, 1343:

| Count | Date | Interstate Wire |
|---|---|---|
| 8 | 3/5/2007 | $360,547.83 - Wire from J.P. Morgan, New York City, New York to Lawyers Title (Wells Fargo), Portland, Oregon |
| 9 | 3/5/2007 | $68,512.50 - Wire transfer from J.P. Morgan New York City, New York to Lawyers Title (Wells Fargo), Portland, Oregon |

## Count 10
### Aggravated Identity Theft
(18 U.S.C. §§ 2, 1028A)

24. Paragraphs 1 - 5 and 23 are re-alleged.

25. On or about March 1, 2007, in the District of Oregon, **HERNDON**, during and in relation to the felony violations described in Counts 8 - 9, knowingly possessed and used without

PAGE 8 - INDICTMENT (U.S. v. Kamau Herndon)

lawful authority a means of identification of Bulou Mara, to wit: by forging Ms. Mara's name on a variety of materially false loan related documents, including a residential loan application, as well as appropriating her birth certificate, driver's license, Social Security card, and Social Security number without her knowledge, in order to purchase a property located at 8307 Sierra Drive, Edmonds, Washington, for the sum of $450,000; all in violation of 18 U.S.C. §§ 2, 1028A.

### Count 11
Prohibited Monetary Transaction - Money Laundering
(18 U.S.C. §§ 2, 1957)

26. Paragraphs 1 - 5 and 23 are re-alleged.

24. On or about, March 6, 2007, in the District of Oregon, **HERNDON**, did knowingly engage in and attempt to engage in a monetary transaction with criminally derived property of a value greater than $10,000, which property was derived from specified unlawful activity, that is wire fraud, as described in Counts 8 - 9, by wiring or causing to be wired $71,224.31, from Lawyers Title, Portland, Oregon, to **HERNDON's** Washington Mutual bank account under his assumed business name Diesel Financial Services, all in violation of 18 U.S.C. §§ 2, 1957.

### FORFEITURE ALLEGATION
(18 U.S.C. §§ 1341, 1343 proceeds)

28. Paragraphs 1 - 27, are re-alleged.

29. Upon conviction of one or more offenses alleged in Counts 1 - 2, 4 - 6, 8 - 9 of this Indictment, **HERNDON** shall forfeit to the United States pursuant to 18 U.S.C. § 981 (a)(1)(C) and (D), and 28 U.S.C. § 2461(c) any property constituting or derived from proceeds obtained

directly or indirectly as a result of the said violations(s), including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses of mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. §1343, as alleged in the above listed Counts.

30. If any of the above-described forfeitable property, as a result of any act of omission of the defendant(s):

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without

difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of **HERNDON** up to the value of the forfeitable property described above.

Dated this 19th day of February, 2009.

A TRUE BILL.

_____
OFFICIATING FOREPERSON

Presented by:
KARIN J. IMMERGUT
United States Attorney
District of Oregon

_____
ALLAN M. GARTEN
Assistant United States Attorney
Senior Litigation Counsel